IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TUSHKAHOMMA LEON,**<br>Petitioner,<br><br>vs.<br><br>**US DEPT OF JUSTICE,**<br>**US DEPT OF INTERIOR,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:22-cv-03224
Assigned To : Unassigned
Assign. Date : 10/17/2022
Description: Pro Se Gen. Civ. (F-DECK)

## PETITION FOR WRIT OF MANDAMUS

Comes now, Petitioner, pro se, who petitions this Honorable Court for a writ of mandamus compelling Respondents to address and resolve the issue that Oklahoma authorities prosecuted, convicted, incarcerated and is still incarcerating Native Americans and other persons, who are enrolled citizens and descendants of citizens of federally recognized Native American tribes, without criminal jurisdiction, alleges and states:

### A. Jurisdiction

Petitioner asserts jurisdiction to 28 USC § 1361 and 28 USC § 1651.

### B. Parties

*Petitioner* is an enrolled member of the Choctaw/Chickasaw Nation, and Petitioner is in the care and custody of the Oklahoma Department of Corrections, housed at James Crabtree Correctional Center, 216 North Murray Street, Helena, Oklahoma 73741 pursuant to a judgment and sentence issued by Latimer County District Court for a terms of three life sentences (consecutively) for the crimes of Murder First Degree in Latimer County District Court case #CF-94-39 occurring with the boundaries of the Choctaw reservation.



RECEIVED
Mail Room
OCT 17 2022
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1

*Defendants* are federal agencies charged with enforcing federal law and federal Indian treaties between Indian tribes and the United States whose principal offices are located at Deb Haaland, US Dept of Interior, 1849 "C" Street NW, Ste 6156, Washington, DC 20240 and Merrick Garland, US Dept of Justice, 950 Pennsylvania Ave NW, Ste 5137, Washington, DC 20530.

### C. Duty Owed to Petitioner

*"The Government and people of the United States are hereby obligated to secure to the said Choctaw Nation of Red People the jurisdiction of government of all the persons and property that may be within their limits west, so that no Territory or State shall ever have a right to pass laws of the government of the Choctaw nation or Red People and their descendants...."* [Article 4, Treaty of Dancing Rabbit Creek, 7 Stat. 333 (1830))]"

*"Should a Choctaw or any party of Choctaws commit acts of violence upon the person or property of a citizen of the United States..."* [Article 4, Treaty of Dancing Rabbit Creek, 7 Stat. 333 (1830))]"

*"Every white person who, having married a Choctaw or Chickasaw, resides in the said Choctaw or Chickasaw Nation, or who has been adopted by the legislative authorities, is to be deemed a member of said nation, and shall be subject to the laws of the Choctaw and Chickasaw nations according to his domicile, and to prosecution and trial before their tribunals, and to punishment according to their laws in all respects as though he was a native Choctaw or Chickasaw."* [Article 38, Treaty of the Choctaws and Chickasaws, 14 Stat 769 (1866)]

These selected sections of treaties between the United States and Cherokee Nation, coupled with federal statutes 25 USC § 1301 and 18 USC § 1153, reveal the Respondents' duty to remedy the illegal detention of Petitioners and others similarly situated in Oklahoma Department of Corrections custody[1].

---

[1] *US v. Pursley*, 577 F3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); consequently the Court is directed to *McGirt v. Oklahoma*, 140 SCt 2452 (2020);

While Petitioner acknowledges "[m]andamus is a drastic remedy, which is to be used only in extraordinary situations," and "the petitioner has the burden to show that his right to the writ is clear and indisputable", Petitioner believes he meets this burden with the following:

Petitioner, an Indian within the meaning of federal law, was detained, prosecuted and incarcerated for crimes occurring within the undisputed boundaries of an Indian reservation.[2] Because said crimes were enumerated in the Major Crimes Act (18 USC § 1153), only the federal government has the authority to prosecute. (Even if the crimes were not enumerated in the MCA, because the crimes were alleged to have been committed by an Indian in Indian country, 25 USC §1301 would still pre-empt state jurisdiction.) Additionally, Petitioner has suffered loss of income and loss of familial consortium because of his illegal detention; suffered violation of his rights as a juvenile at the time of the alleged crime; suffered molestation by fellow inmates during his illegal detention; suffered loss of personal property due to his illegal detention; and suffered bodily harm due to batteries by fellow incarcerates during his illegal detention.

Moreover, Petitioner could not make the claim that Oklahoma does not have jurisdiction to prosecute crimes occurring on the Choctaw reservation in state court because the Oklahoma Court of Criminal Appeals has held that ***McGirt v. Oklahoma*** is not retroactive and claims pursuant thereto may not be heard in their state collateral proceedings.[3] Petitioner could not raise the claims that ***Matloff*** is unconstitutional and that Oklahoma does not have jurisdiction over crimes occurring on the Choctaw reservation in federal habeas court because the Antiterrorism Effective Death Penalty Act (AEDPA) has a one-year statute of limitations[4], which

---

[2] According to 18 USC § 1151, all land within the boundaries of an Indian reservation is Indian country for purposes of 18 USC § 1153 and 25 USC § 1301.
[3] See ***State ex rel Matloff vs. Wallace***, 2021 OK CR 23
[4] See _____, Case# _____.

in Petitioner's case expired well before *McGirt v. Oklahoma* (which confirmed the reservation's status) and related cases were decided. Caught between these two procedural barriers, Petitioner is left with only mandamus as a means of enforcing federal law in this matter.

25 USC § 2802 states in relevant part,

> *"(b) Office of justice Services*
>
> *There is established in the Bureau an office, to be know as the 'Office of Justice Services', that, under the supervision of the Secretary [of Department of Interior], or an individual designated by the Secretary,* **shall be responsible for***- [emphasis added]*
>
> *(1) carrying out the law enforcement functions of the Secretary in Indian country, and*
>
> *(2) implementing the provisions of this section*
>
> *(c) Additional responsibilities of Division*
>
> *Subject to the provisions of this chapter and other applicable Federal or tribal laws, the responsibilities of the Office of Justice Services* **shall include***- [emphasis added]*
>
> *(1) the enforcement of Federal law and, with the consent of the Indian tribe, tribal law;*
>
> *(2) in cooperation with appropriate Federal and tribal law enforcement agencies, the investigation of offenses against criminal laws of the United States;*
>
> *(3) the protection of life and property;"*

### D. Relief Requested

Petitioner requests that this Court issue an order compelling Respondents to investigate, if necessary, prosecute Oklahoma state officials for illegal detention of Petitioner and other similarly situated in state custody, and remedy any illegal detention occurring in Oklahoma state prisons. Petitioner also moves this Court for appointment of counsel pursuant to *Maclin v.*

*Freake*, 650 F2d 885 and 25 USC § 175. Finally, Petitioner requests that the Court order any initial fee payment to be drawn from Petitioner's mandatory prison savings account.

I declare under penalty of perjury that the foregoing is true and correct and that I placed a true and correct copy of the same in the prison mailing system addressed to Office of the Clerk, US District Court, 333 Constitution Ave NW, Rm 1225, Washington, DC 20001 on the 12 day of October, 2022, postage prepaid.

_____
Signature of Petitioner